**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL ACTION NO. 14-323-6** |
| | : | |
| **RONELL WHITEHEAD** | : | |

**McHugh, J.** **August 4, 2026**

**MEMORANDUM**

Petitioner Ronell Whitehead was charged with participating in a vast drug conspiracy affecting the City of Chester. He pleaded guilty to individual charges of distributing unlawful substances and stood trial on the conspiracy charge. After a month long-trial he was convicted. At sentencing he received a significant downward variance, a total of 264 months as against a Guideline range of 360 months to life. His conviction was affirmed by the Third Circuit in a lengthy precedential opinion, ECF 1397-1, and his counseled petition for *certiorari* was denied. He now seeks post-conviction relief under 28 U.S.C. § 2255, arguing ineffective assistance under *Washington v. Strickland,* 466 U.S. 668 (1984). For the reasons that follow, his motion will be denied.[1]

His first contends that counsel was ineffective for allowing him to plead guilty to individual charges of unlawful distribution. This argument is palpably lacking in merit. The investigation leading to Mr. Whitehead's arrest was a highly sophisticated one involving prolonged surveillance, both audio and video, pole cameras at important locations, and controlled buys. Mr. Whitehead's best hope was to argue that he was an independent, street-

[1] Mr. Whitehead's accompanying motion for appointment of counsel will also be denied. As the judicial officer who presided over trial and addressed his motion under Federal Rule of Criminal Procedure 29, *see* ECF 889, I could not identify any issue that warranted counsel, particularly given the strong representation he received on appeal.

level dealer, and not a part of the broad drug trafficking organization controlled by lead defendant William Dorsey. Indeed, this strategy proved successful for co-defendant Jamear McGurn. In simple terms, the advice counsel gave was appropriate, but the outcome was disappointing. That does not support a claim for ineffective assistance.

Mr. Whitehead next contends that counsel was ineffective in addressing his status as a career offender. The contours of this argument are difficult to discern. By way of initial observation, his designation as a career offender was challenged on direct appeal and the Third Circuit affirmed. Moreover, the required element of prejudice under *Washington* is not apparent, as the downward variance he received brought him well below career offender status. Most significantly, however, the opaque argument he advances is rooted in two Third Circuit cases—one of them non-precedential—decided in 2020 and 2021. Given that he was tried in 2016 and sentenced in 2019, even if there were any substance to his argument, trial counsel cannot be faulted for failing to raise arguments based on appellate decisions not yet issued. *See Fountain v. Kyler*, 420 F.3d 267, 277 (3d Cir.2005) ("[C]ounsel's performance is not deficient by failing to predict future developments in the law.")

Mr. Whitehead's third ground for relief is a conclusory argument that counsel was ineffective for failing to challenge the chain of custody of evidence, and for failing to retain an expert to challenge the results of lab tests of the drugs seized. His contention that pursuing such a strategy would have resulted in suppression of evidence or a reduction in the Guidelines is wholly speculative. It bears mention that experienced defense counsel rarely raise such challenges in the absence of some indication of missteps by the Government, and in addition to Mr. Whitehead's highly capable counsel, no attorney for any of the other 38 conspirators looking at the same evidence saw any basis for such challenges here.

Mr. Whitehead's final ground for relief is a catchall complaint that the jury was confused and prejudiced by evidence to which counsel should have objected, and that there was a lack of evidence to prove him a part of the conspiracy. As to the former, Mr. Whitehead's position is both too vague and too speculative to sustain a claim of ineffective assistance. As to the latter, it is addressed in my memorandum denying relief under Rule 29. *See* ECF 889.

In conclusion, there is no basis for relief. An appropriate order follows.

/s/ Gerald Austin McHugh
United States District Judge